**John Roger LEWIS, Plaintiff–Appellant,**

**v.**

**Richard DANZIG; K.R. Zimmerman; and Lori Delooze, Defendants–Appellees.**

No. 01–3201.

United States Court of Appeals, Sixth Circuit.

July 31, 2002.

Before BOGGS and BATCHELDER, Circuit Judges; and STEEH, District Judge.*

PER CURIAM.

John Roger Lewis appeals the district court's grant of the Navy's motion to dismiss in this case brought by Lewis against Secretary of the Navy Richard Danzig, Captain K.R. Zimmerman, and Lieutenant Commander Lori DeLooze, seeking release from naval service and monetary damages. Lewis's claims arise from assurances he alleges he received from De-Looze, a Navy recruiter, prior to enrollment in the Navy's Civil Engineer Corps ("CEC") Program. The district court held, *inter alia*, that Lewis would be precluded from admitting evidence of the alleged assurances by operation of the parol evidence rule. We affirm the district court's disposition.

**I**

In 1997, Lewis, who had already served a combined seven years of active duty in

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

the United States Army and Marine Corps and who was a civil engineering student at Ohio University, contacted DeLooze. He expressed interest in enrolling in the Navy's CEC Program, through which he would receive pay and benefits during his final two years of college and would enlist in the CEC after his graduation in 1999. After enlisting, Lewis would attend Officer Candidate School ("OCS"), upon the successful completion of which he would be eligible to be commissioned as a naval officer.

Lewis alleges that he asked DeLooze about section 1(f) of the CEC Program Service Agreement, which states:

▮n the event that I fail to complete the requirements for appointment to commissioned grade or am disenrolled from the CEC Program for any reason other than physical: ...

(2) If enlisted for active duty, my disposition will be in accordance with one of the following options as determined by the Chief of Naval Operations (Op–13);

(a) Be commissioned as Ensign, U.S. Naval Reserve ...; or

(b) Serve two (2) years active duty in an enlisted status; or

(c) Be discharged.

Specifically, Lewis alleges that he asked whether, in the event that he dropped out of OCS or was not commissioned as an officer, he would be required to serve two years active duty in an enlisted status. He claims that DeLooze told him that because he had already served seven years of active duty in other branches of the armed forces, he would not be required to serve the additional time. Instead, Lewis alleges, DeLooze told him that if he dropped out of OCS or was not commissioned, he would be discharged.

Lewis signed the agreement on December 1, 1997. Immediately above Lewis's signature, the agreement reads:

I have read and completely understand the meaning and content of the above. No promises either written or oral have been made to me in connection with my application for enrollment in the Civil Engineer Corps Program, except as specified above.

Further, the Enlistment/Reenlistment agreement, to which the CEC Program Service Agreement was attached, states in section B(c):

The agreements in this section and attached annex(es) are all the promises made to me by the Government. ANYTHING ELSE ANYONE HAS PROMISED ME IS NOT VALID AND WILL NOT BE HONORED.

Finally, section D of the Enlistment/Reenlistment agreement reads in part:

I CERTIFY THAT I HAVE CAREFULLY READ THIS DOCUMENT. ANY QUESTIONS I HAD WERE EXPLAINED TO MY SATISFACTION. I FULLY UNDERSTAND THAT ONLY THOSE AGREEMENTS IN SECTION B OF THIS DOCUMENT OR RECORDED ON THE ATTACHED ANNEX(ES) WILL BE HONORED. ANY OTHER PROMISES OR GUARANTEES MADE TO ME BY ANYONE ARE WRITTEN BELOW: (If none, X "NONE" and initial.)

Lewis initialed below the first statement, and checked the box labeled "NONE" and initialed below the second statement.

Lewis completed his degree program at Ohio University in March 1999. He began OCS shortly thereafter; however, he chose to leave OCS soon after beginning it. Lewis alleges that he informed Captain Zimmerman, who was the commanding officer of Lewis's OCS training unit, of his

desire to leave the Navy; however, pursuant to section 1(f)(2)(b) of Lewis's service agreement, Zimmerman, presumably acting on behalf of the Chief of Naval Operations, decided to require Lewis to serve two years as an enlisted sailor. Lewis was ordered to report for basic training, and was subsequently deployed on the USS SUPPLY for a tour of duty.

Lewis brought the present action in district court and made three claims against the defendants. He sought a writ of habeas corpus, alleged denial of his Fourth and Fifth Amendment rights, and made a claim for promissory estoppel. The Navy moved for dismissal under Federal Rule of Civil Procedure 12(b)(1), alleging that the court lacked jurisdiction, and under Federal Rule of Civil Procedure 12(b)(6), alleging that Lewis had failed to state a claim. *See* FED. R. CIV. P. 12(b)(1), (6). The district court agreed with both arguments and dismissed each of Lewis's claims. On appeal, Lewis only challenges the court's dismissal of his promissory estoppel claim.

## II

The district court dismissed Lewis's promissory estoppel claim on two grounds. First, the court noted that Lewis did not invoke the court's diversity jurisdiction, and to the extent that Lewis based his promissory estoppel claim on Ohio law, it did not present a federal question. However, the court then went on to discuss the merits of the claim and noted that in order to state a claim for estoppel against the

federal government, a plaintiff must prove the "traditional elements of an estoppel." *United States v. Guy*, 978 F.2d 934, 938 (6th Cir.1992) (citing *Heckler v. Cmty. Health Servs.*, 467 U.S. 51, 61, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984)). One of those elements is a misrepresentation. *See Heckler*, 467 U.S. at 59. The court held that the parol evidence rule precluded Lewis from introducing evidence of an alleged prior oral promise that would have contradicted the written service agreement Lewis signed. Therefore, Lewis had failed to state a claim for promissory estoppel, because he could not show a misrepresentation.

On appeal, Lewis challenges only the court's parol evidence holding. He argues, as he did before the district court, that DeLooze's alleged statement did not contradict, but instead interpreted, the clause in question. In other words, Lewis contends that DeLooze merely interpreted the agreement by stating which of the three options set out in section 1(f)(2)(b) the Navy would choose, in light of Lewis's prior service.

We reject Lewis's argument. The parol evidence rule precludes admission of prior or contemporaneous evidence that would serve to modify or contradict the terms of a final written agreement. *See Cooper Realty Co. v. United States*, 36 Fed. Cl. 284, 289 (1996); *see also Columbia Gas Transmission Corp. v. Ogle*, 51 F.Supp.2d 866, 871 (S.D.Ohio 1997) (applying Ohio law).[1] It is clear from the various pas-

---

1. As noted above, the district court in this case construed Lewis's promissory estoppel claim as one based on Ohio law. The Navy points out that federal, rather than state, law applies in the context of the relationship between military personnel and the government. *See United States v. Standard Oil Co.*, 332 U.S. 301, 305–06, 67 S.Ct. 1604, 91 L.Ed. 2067 (1947). However, this is a distinction without a difference in this case, because the district

court cited the federal requirements for estoppel. *See Heckler v. Cmty. Health Servs.*, 467 U.S. 51, 61, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984). Further, the federal parol evidence rule is identical to that of Ohio. *Compare Cooper Realty Co. v. United States*, 36 Fed. Cl. 284, 289 (1996), *with Columbia Gas Transmission Corp. v. Ogle*, 51 F.Supp.2d 866, 871 (S.D.Ohio 1997). To the extent that Lewis's estoppel claim should be construed as one

sages quoted above that the parties intended that the service agreement, and the enlistment agreement to which it was attached, should represent the final and complete agreement between them; indeed, Lewis initialed passages disclaiming any other representations. It is therefore also clear that, contrary to Lewis's contention, DeLooze's alleged statement would serve to contradict or modify the written agreement, in that it would restrict the options provided to the Navy by that agreement. Before DeLooze's statement, the Navy had three options with respect to Lewis once he withdrew from OCS; after the statement, the Navy would have only one. Further, to the extent that the purported statement provided an additional representation not included in the written agreement, that statement would also contradict the language of the agreement disclaiming the existence or enforceability of any other representations.

### III

Because Lewis would be precluded, by operation of the parol evidence rule, from proving one of the elements of a promissory estoppel claim, the district court properly held, pursuant to Federal Rule of Civil Procedure 12(b)(6), that Lewis had failed to state a claim against the defendants in this case. Accordingly, we AFFIRM the district court's dismissal of Lewis's promissory estoppel claim.

arising under federal law, it would have provided the district court with federal question jurisdiction; however, this too is irrelevant, given the court's correct holding that Lewis had failed to state a claim for estoppel.